

1 PATRICIA BARBOSA, Esq. (SBN 125865)
2 JORDON METZ, Esq. (SBN 167355)
**BARBOSA, METZ & HARRISON, LLP**
3 17547 Ventura Blvd., Suite 310
Encino, CA 91316
4 Tel: (818) 386-1200
Fax: (818) 386-1212
5 PBarbosa@bmhlegal.com
6 JMetz@bmhlegal.com
7

8 Attorneys for plaintiff, CONNIE ARNOLD

9 (Appearances continued on next page)

10

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14 CONNIE ARNOLD, | ) Case No.: 2:10-CV-05204-SVW-RZ |
| 15 Plaintiff, | ) <u>Civil Rights</u><br>) Assigned to Honorable Stephen V. |
| 16 | ) Wilson, Judge presiding |
| 17 vs. | ) |
| 18 DENNY'S, INC., a California | ) **CONSENT DECREE FOR**<br>) **SETTLEMENT OF PLAINTIFF'S** |
| corporation doing business as Denny's | ) **CLAIMS** |
| 19 Restaurant; DENNY'S | ) |
| 20 CORPORATION, a Delaware | ) Filed concurrently with [Proposed] |
| corporation; HALEH FAMILY, INC.; | ) Order re: Consent Decree |
| 21 and DOES 1 through 10, inclusive, | ) |
| 22 | ) Trial Date: April 12, 2011 |
| 23 Defendants. | ) |

24

25 **IT IS SO ORDERED**
26 Dated   4/6/11

27 _____          NOTE CHANGES MADE BY THE COURT.
28 United States District Judge

CONSENT DECREE FOR SETTLEMENT OF PLAINTIFF'S CLAIMS
Case No.: 2:10-CV-05204-SVW-RZ                                                    1

SHAB D. KERENDIAN, Esq.
VERLAN Y. KWAN, Esq.
**KERENDIAN & ASSOCIATES, INC.**
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Tel: (310) 914-4143
Fax: (310) 914-5441
Email: skfirm@gmail.com
Email: verlan@ka-firm.com

Attorneys for Defendants, HALEH FAMILY, INC.,
DENNY'S, INC., and DENNY'S CORPORATION

RAY B. BOWEN, JR., Esq.
LAW OFFICES OF RAY B. BOWEN, JR.
19318 Ventura Boulevard, Suite 100
Tarzana, CA 91356
Tel: (818)996-5000
Fax: (818)996-0280
Email: rbblaw@aol.com

Attorneys for Defendant, GAUSMAN VAN NUYS INC.

**CONSENT DECREE AND ORDER**

1.    Plaintiff CONNIE ARNOLD ("Plaintiff") filed an Amended Complaint in this action on January 7, 2011, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California Civil Code §§ 54; and 54.1, and Health & Safety Code §§ 19955 *et seq.*, against defendants DENNY'S, INC., a California corporation doing business as Denny's Restaurant; DENNY'S CORPORATION, a Delaware corporation; HALEH FAMILY, INC.; GAUSMAN VAN NUYS INC., a California corporation and DOES 1 through 10, inclusive. Plaintiff has alleged that Defendants violated Title III of the ADA and California civil rights laws and statutes by failing to provide full and equal access to its facilities, services and accommodations at the Denny's Restaurant located at 16575 Sherman Way, Van Nuys, California, in the County of Los Angeles ("Restaurant"). The parties now seek to settle all of Plaintiff's claims, including, all claims for injunctive relief, statutory, compensatory or personal injuries damages, and any claims for attorney fees, costs and litigation expenses, and agree that the terms of this Consent Decree and Order ("Agreement") will satisfy all of Plaintiff's claims as set forth in her Complaint in this matter.

2.    Defendants DENNY'S, INC., a California corporation doing business as Denny's Restaurant; DENNY'S CORPORATION, a Delaware corporation; HALEH FAMILY, INC.; GAUSMAN VAN NUYS INC., a California corporation (hereinafter "Defendants") are concurrently or have previously answered the allegations of the Complaint with a denial and a number of affirmative defenses and have not waived and do not waive the same by entering into this Agreement. As such, nothing stated within this Agreement nor the fact of this consent decree shall be construed as an admission of any of the claims or of Plaintiff's allegations in her Complaint. Defendants maintain their denial of the allegations in the Complaint filed by Plaintiff and do not admit liability or responsibility as the parties hereby enter into this Agreement for the purpose of entering into an early settlement of all of Plaintiff's

1 claims without the need for protracted litigation, and for purposes of resolving all

2 claims which are alleged and/or can be asserted by means of the Complaint.

3 **JURISDICTION:**

4      3.    The parties to this Consent Decree agree that the Court has jurisdiction

5 of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans

6 with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.* and pursuant to supplemental

7 jurisdiction under 28 U.S.C. § 1367(a) for alleged violations of California civil rights

8 laws and regulations that have been pled in the Complaint.

9      4.    In order to avoid the costs, expense, and uncertainty of protracted

10 litigation, the parties to this Consent Decree agree to entry of this Order to resolve all

11 of Plaintiff's claims raised in the operative Complaint filed with the Court.

12 Accordingly, the parties agree to the entry of this Order without trial or adjudication

13 of any issues and as full resolution of Plaintiff' claims for injunctive relief, statutory,

14 compensatory and personal injury damages, and as full resolution of the claims of

15 Plaintiff and her counsel for attorney fees, litigation expenses and costs, with respect

16 to the condition of the subject property prior to completion of its modification

17 pursuant to this Consent Decree.

18      WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to

19 the Court's entry of this Consent Decree and Order, which provides as follows:

20 **STATUTORY, COMPENSATORY AND PERSONAL INJURY DAMAGES,**

21 **ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

22      5.    Plaintiff and Defendants have reached an agreement to settle all of

23 Plaintiff's alleged claims for statutory, compensatory and personal injury damages, as

24 well as the claims of Plaintiff and her counsel for attorneys' fees, litigation expenses

25 and costs against Defendants. Defendant Haleh Family, Inc. agrees to pay to

26 Plaintiff and her counsel the discounted total sum of Seventy-Five Thousand Dollars

27 ($75,000), as complete settlement for all of the claims for damages, attorneys' fees,

28 litigation expenses and costs. Payment will be made by check to "Barbosa, Metz &

---

CONSENT DECREE FOR SETTLEMENT OF PLAINTIFF'S CLAIMS
Case No.: 2:10-CV-05204-SVW-RZ

1   Harrison LLP Client Trust Account in trust for the Connie Arnold Special Needs
2   Trust" and delivered to the office of Barbosa, Metz& Harrison LLP on or before May
3   2, 2011. If any payment is not made when due or is returned for insufficient funds,
4   Plaintiff will notify Defendant, Haleh Family, Inc.'s counsel in writing of such non-
5   payment on insufficiency and Defendant, Haleh Family, Inc. will have ten (10)
6   calendar days to cure such non-payment or insufficiency. In the event Defendant,
7   Haleh Family, Inc. do not cure within the ten (10) calendar days, the remaining
8   balance of the settlement amount, plus an additional Seven Thousand Five Hundred
9   Dollars ($7,500) shall all be immediately due and payable. Upon receipt of payment
10  of this settlement amount, any and all monetary claims of any kind asserted, or which
11  could have been asserted, by Plaintiff in connection with this lawsuit or the condition
12  of the Property prior to completion of its modification pursuant to this agreed upon
13  settlement of the case shall be resolved. No further payment shall be requested or
14  required of Defendants by Plaintiff and/or her counsel for preparation and filing of
15  this Consent Decree and Order. In the event that any Party is required to file a
16  motion to enforce the terms of this Agreement, the prevailing party is entitled to seek
17  reasonable fees and costs for that action.

18  **SETTLEMENT OF PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:**

19          6.      The parties have reached an agreement regarding Plaintiff's claims for
20  injunctive relief. Attached as **Attachment A** are all of the terms of the settlement for
21  injunctive relief as agreed to between the parties. All recommendations indicated on
22  Attachment A are to be completed within one hundred eighty (180) days of
23  Defendants signing of the Consent Decree. Said Attachment is hereby incorporated
24  by reference as if fully set forth herein as the full and complete agreement between
25  the Parties for settlement of all of Plaintiff's claims for injunctive relief as requested
26  in Plaintiff's Complaint. Upon completion of the items in Attachment A, Defendants
27  shall advise Plaintiff in writing that all items have been completed. Plaintiff shall
28  then have the right to complete an inspection of the subject property by Plaintiff's

1   representative within 45 days of being provided Notice of Completion at Plaintiff's
2   own expense. Once the injunctive relief has been completed, Plaintiff and her
3   counsel shall promptly execute and deliver to the Court and Defendants a stipulation
4   for dismissal of the action, with prejudice. In the event that either of the Parties
5   believes that the other Party has not complied with the terms of this Consent Decree
6   and Order, Counsel will inform the Party whose compliance is in question to notify
7   the Party of the alleged breach, and allow for thirty (30) days to negotiate a
8   resolution. A motion to compel enforcement may be filed in the event that the parties
9   are unable to resolve their alleged breach of the terms of the Consent Decree and
10  Order. Attorneys' fees are to be awarded to the prevailing party and against the party
11  or parties determined by the Court to have breached the terms or provisions of the
12  Consent Decree in a motion to enforce the terms of the Consent Decree.
13  **ENTIRE CONSENT ORDER:**
14         7.     This Consent Decree and Order constitutes the entire agreement between
15  the signing parties on the matter of Plaintiff's claims for monetary and injunctive
16  relief against Defendants, and no other statement, promise, or agreement, either
17  written or oral, made by any of the parties or agents of any of the parties, that is not
18  contained in this written Consent Decree and Order, shall be enforceable regarding
19  the matters described herein. This Consent Decree and Order applies to Plaintiff's
20  claims for monetary and injunctive relief in connection with the action before this
21  Court.
22  **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN**
23  **INTEREST:**
24         8.     This Consent Decree and Order shall be binding on plaintiff CONNIE
25  ARNOLD, defendants DENNY'S, INC.; DENNY'S CORPORATION; HALEH
26  FAMILY, INC.; GAUSMAN VAN NUYS INC., and any successors in interest. The
27  Parties have a duty to so notify all such successors in interest of the existence and
28  terms of this Consent Decree and Order during the period of the Court's jurisdiction

1   of this Consent Decree and Order.

2   **MUTUAL RELEASE AND WAIVER BETWEEN PLAINTIFF AND**

3   **DEFENDANTS ONLY OF CIVIL CODE SECTION 1542 AS TO**

4   **PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:**

5   9. Except for all obligations required in this Agreement, and any fees and

6   costs incurred by filing a motion to enforce this Agreement, Plaintiff, on behalf of

7   herself, her respective agents, attorneys, representatives, predecessors, successors,

8   heirs, partners and assigns, releases and forever discharges each of the Defendants

9   and all its franchisors, franchisees, partners, managers, employees, joint ventures,

10  successors, heirs, assigns, directors, shareholders, subsidiaries, stockholders, parent

11  companies, officers, board members, employees, agents, attorneys, insurers insurance

12  carriers, predecessors, and representatives of each other Party, from all claims,

13  demands, injuries, damages, expenses, losses, attorneys' fees, costs and litigation

14  expenses, statutory penalties, statutory remedies, and causes of action of whatever

15  kind or nature, presently known or unknown, arising out of or in any way connected

16  with Plaintiff's claims in the lawsuit, the incidents alleged therein, and/or the physical

17  condition of the property prior to completion of its modification pursuant to this

18  Consent Decree including its accessibility, whether or not addressed in the lawsuit.

19  10. Except for all obligations required in this Agreement, and any fees and

20  costs incurred by filing a motion to enforce this Agreement, Defendants and their

21  franchisors, franchisees, partners, managers, employees, joint ventures, successors,

22  heirs, assigns, directors, shareholders, subsidiaries, stockholders, parent companies,

23  officers, board members, employees, agents, attorneys, insurers insurance carriers,

24  predecessors, and representatives releases and forever discharges Plaintiff and her

25  respective agents, attorneys, representatives, predecessors, successors, heirs, partners

26  and assigns, from all claims, demands, injuries, damages, expenses, losses, attorneys'

27  fees, costs and litigation expenses, statutory penalties, statutory remedies, and causes

28  ///

///

of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with Plaintiff's claims in the lawsuit, the incidents alleged therein, and/or the physical condition of the property prior to completion of its modification pursuant to this Consent Decree including its accessibility, whether or not addressed in the lawsuit.

11.    Plaintiff and Defendants understand and agree that there is a risk and possibility that, subsequent to the execution of this Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to Lawsuit which are unknown or unanticipated at the time this Agreement is signed. Except for all obligations required in this Agreement between Plaintiff and Defendants and all obligations between or amongst the Defendants, the Parties intend that this Agreement apply to all conditions that existed at the subject facilities and all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Agreement. Therefore, except for all such obligations required in this Agreement between Plaintiff and Defendants and all obligations between or amongst the Defendants, this Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree with respect to the lawsuit and the current condition of the Property and any or all improvements thereon, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**TERM OF THE CONSENT DECREE AND ORDER**:

12.    This Agreement shall be in full force and effect as described herein and in Attachment A. ~~The Court shall retain jurisdiction for the purpose of enforcing provisions of this Agreement until the terms of this Agreement and Order are satisfactorily completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order until Defendants comply with all of the terms of this Agreement.~~ In the event that Plaintiff believes that Defendants have not fully complied with the terms of this Consent Decree, Plaintiff's counsel shall inform Defendants in writing regarding any alleged non-compliance. Plaintiff will give Defendant Haleh Family, Inc. sixty (60) days to correct any alleged violations, or negotiate resolution of the alleged violation. ~~If after 60 days Defendant Haleh Family, Inc. has not fully complied with the terms, Plaintiff may seek Court enforcement of the terms and conditions of this Agreement in the event the parties are unable to reach an agreement regarding any alleged violations of the terms of the Agreement.~~ Following the completion of all of the items listed on Attachment A within said timeframes, Plaintiff shall have the right to inspect the work. Once Plaintiff agrees that the work has been properly completed and the payment tendered, Plaintiff shall be obligated to dismiss this action with prejudice and deliver a copy of the dismissal to Defendants within 14 days.

**SEVERABILITY**:

13.    If any term of this Agreement and Order is determined by any court to be unenforceable, the other terms of this Agreement and Order shall nonetheless remain in full force and effect.

///

///

///

CONSENT DECREE FOR SETTLEMENT OF PLAINTIFF'S CLAIMS
Case No.: 2:10-CV-05204-SVW-RZ

Case 2:10-cv-05204-SVW-RZ Document 78 Filed 04/06/11 Page 10 of 24 Page ID #:472
Case 2:10-cv-05204-SVW-RZ Document 76 Filed 03/31/11 Page 1 of 24 Page ID #:442
03/31/2011 03:16 p TO:+1 (818) 3861212 FROM:3109145441 Page: 11

1  ///

2  ///

3  **SIGNATORIES BIND PARTIES**:

4      14.    Signatories on the behalf of the parties represent that they are authorized

5  to bind the parties to this Agreement.  This Agreement may be signed in counterparts

6  and a facsimile signature shall have the same force and effect as an original signature.

7  APPROVED AS TO FORM:

8

9  Dated: March 21, 2011    **BARBOSA, METZ & HARRISON, LLP**

10

11      By: _____

12          PATRICIA BARBOSA, Esq.

13          JORDON METZ, Esq.
        Attorneys for Plaintiff, CONNIE ARNOLD

14

15  Dated: March 31, 2011    **KERENDIAN & ASSOCIATES, INC.**

16

17

18      By: _____

19          VERLAN Y. KWAN, Esq.
        SHAB D. KERENDIAN, Esq.

20          Attorneys for Defendants, HALEH FAMILY, INC.,
        DENNY'S, INC., and DENNY'S CORPORATION

21

22  Dated: March ____, 2011    **LAW OFFICES OF RAY B. BOWEN, JR.**

23

24

25      By: _____

26          RAY B. BOWEN, JR., Esq.
        Attorneys for Defendant, GAUSMAN

27          VAN NUYS INC.

28

Case 2:10-cv-05204-SVW-RZ Document 72 Filed 04/06/11 Page 11 of 24 Page ID #:433
Case 2:10-cv-05204-SVW-RZ Document 76 Filed 03/31/11 Page 11 of 24 Page ID#:443
. 03/30/2011 10:48 FAX                                                                    ☒0011/0014

1   ///

2   ///

3   **SIGNATORIES BIND PARTIES:**

4       14.   Signatories on the behalf of the parties represent that they are authorized

5   to bind the parties to this Agreement. This Agreement may be signed in counterparts

6   and a facsimile signature shall have the same force and effect as an original signature.

7   APPROVED AS TO FORM:

8

9   Dated: March ___, 2011      **BARBOSA, METZ & HARRISON, LLP**

10

11

12            By: _____

                        PATRICIA BARBOSA, Esq.

13                          JORDON METZ, Esq.

14                          Attorneys for Plaintiff, CONNIE ARNOLD

15  Dated: March ___, 2011      **KERENDIAN & ASSOCIATES, INC.**

16

17

18            By: _____

19                          VERLAN Y. KWAN, Esq.

20                          SHAB D. KERENDIAN, Esq.

                        Attorneys for Defendants, HALEH FAMILY, INC.,

21                          DENNY'S, INC., and DENNY'S CORPORATION

22  Dated: March 29, 2011      **LAW OFFICES OF RAY B. BOWEN, JR.**

23

24

25            By: _____

26                          RAY B. BOWEN, JR., Esq.

                        Attorneys for Defendant, GAUSMAN

27                          VAN NUYS INC.

28

1

2   ///
    ///
3   PARTIES' APPROVAL:

4   Date: March 30, 2011                    CONNIE ARNOLD

5

6                                           Plaintiff

7

8   Date: March ___, 2011                   DENNY'S CORPORATION

9

10                                          _____
                                            Defendant
11                                          By: _____
                                            Its: _____
12

13

14  Date: March ___, 2011                   DENNY'S, INC.

15

16                                          _____
                                            Defendant
17                                          By: _____
                                            Its: _____
18

19

20  Date: March ___, 2011                   HALEH FAMILY, INC.

21

22                                          _____
                                            Defendant
                                            By: _____
23                                          Its: _____

24

25  Date: March ___, 2011                   GAUSMAN VAN NUYS INC.

26

27                                          _____
                                            Defendant
28

CONSENT DECREE FOR SETTLEMENT OF PLAINTIFF'S CLAIMS
Case No.: 2:10-CV-05204-SVW-RZ                                          11

```
1   ///
2   ///
3   PARTIES' APPROVAL:
4   Date: March ___, 2011              CONNIE ARNOLD
5
6                                      _____
                                        Plaintiff
7
8   Date: March 31, 2011               DENNY'S CORPORATION
9
10                                     _____
                                        Defendant
11                                     By: _____
12                                     Its: _____
13
14  Date: March 31, 2011               DENNY'S, INC.
15
16                                     _____
                                        Defendant
17                                     By: _____
18                                     Its: _____
19
20  Date: March ___, 2011              HALEH FAMILY, INC.
21
22                                     _____
                                        Defendant
23                                     By: _____
                                       Its: _____
24
25  Date: March ___, 2011              GAUSMAN VAN NUYS INC.
26
27                                     _____
                                        Defendant
28
```

```
1
2   ///
    ///
3   PARTIES' APPROVAL:

4   Date: March ___, 2011          CONNIE ARNOLD
5
6                                  _____
                                   Plaintiff
7

8   Date: March ___, 2011          DENNY'S CORPORATION
9
10                                 _____
11                                 Defendant
                                   By: _____
12                                 Its: _____

13

14  Date: March ___, 2011          DENNY'S, INC.
15
16                                 _____
17                                 Defendant
                                   By: _____
18                                 Its: _____

19

20  Date: March 31, 2011           HALEH FAMILY, INC.
21
22                                 Defendant
                                   By: MAZi KAZEMZADEH
23                                 Its: PRESIDENT

24

25  Date: March ___, 2011          GAUSMAN VAN NUYS INC.
26
27                                 _____
                                   Defendant
28
```

CONSENT DECREE FOR SETTLEMENT OF PLAINTIFF'S CLAIMS
Case No.: 2:10-CV-05204-SVW-RZ                                                11

Case 2:10-cv-05204-SVW-RZ  Document 78  Filed 04/06/11  Page 15 of 24  Page ID #:4477
Case 2:10-cv-05204-SVW-RZ  Document 76  Filed 03/31/11  Page 11 of 24  Page ID #:4412
03/30/2011 10:48 FAX                                                    ☒0012/0014

/ / /
/ / /

PARTIES' APPROVAL:

Date: March ___, 2011                CONNIE ARNOLD

                                     _____
                                     Plaintiff


Date: March ___, 2011                DENNY'S CORPORATION

                                     _____
                                     Defendant
                                     By: _____
                                     Its: _____


Date: March ___, 2011                DENNY'S, INC.

                                     _____
                                     Defendant
                                     By: _____
                                     Its: _____


Date: March ___, 2011                HALEH FAMILY, INC.

                                     _____
                                     Defendant
                                     By: _____
                                     Its: _____


Date: March 29, 2011                 GAUSMAN VAN NUYS INC.

                                     _____
                                     Defendant

By: ___PAUL Z. SEVOIAN___

Its: ___MANAGING DIRECTOR___

# ATTACHMENT

# "A"

**Consent Decree and Order: Attachment A**
*Connie Arnold v. Denny's, Inc.; Denny's Corporation;*
*Haleh Family, Inc.; and Gausman Van Nuys, Inc.*
Case No. 2:10-CV-05204-SVW-RZ

The Parties agree that the following corrective work and modifications will be undertaken to eliminate alleged barriers at the Denny's Restaurant located at 16575 Sherman Way, Van Nuys, California, in the County of Los Angeles. All of the corrective work and modifications will be performed and completed in compliance with the standards and specifications of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and California Code of Regulations, Title 24-2 ("Title 24-2"), or other standards as set forth in this Attachment, incorporated herein by reference as if fully recited and attached to the Consent Decree and Order in this matter.

All of the corrective work and modifications will be performed and completed at the sole and exclusive expense of Haleh Family, Inc., without any claims of recourse or contribution or reimbursement by or from Gausman Van Nuys, Inc. for said corrective work and modifications.

The parties understand and agree that by undertaking and performing the corrective work and modifications provided for herein, the party or parties undertaking and performing the corrective work and modifications does not waive any claims, rights or defenses against the other defendants.

**Section 1: Parking**

| Item Number | Location | Barrier | Recommendation |
|---|---|---|---|
| 1.1 | Surface parking lot signage | The towing notification sign at the entry to the parking lot lacks contact information. | Provide contact and towing information as per CBC requirements. |
| 1.2 | Van access aisle | The access aisle located adjacent to the van accessible space is 92" wide. | Re-stripe access aisle to 96" minimum as per CBC and ADAAG. |
| 1.3 | Van access aisle signage | The access aisle does not have the words "NO PARKING" painted on the surface. | Paint the "NO PARKING" signage on the access aisle as per CBC requirements. |
| 1.4 | Access aisle curb ramp | The curb ramp projects into the access aisle. | Remove and replace built up curb ramp with a parallel ramp that does not project into the access aisle. |
| 1.5 | "Minimum fine" signage | There is no information regarding the monetary fine for parking in an accessible parking space. | Post "Minimum Fine" signage at each space per CBC requirements. |
| 1.6 | Curb ramp slope | The curb ramp has an 8.8% running slope. | Remove and replace the curb ramp to provide a maximum 8.33% running slope as per CBC/ADAAG requirements. |
| 1.7 | Curb ramp border | The curb ramp does not have a grooved border. | Provide a 12" wide grooved border as per CBC requirements. |
| 1.8 | Curb ramp warning | The curb ramp does not have the required detectable warning (DW) material. | Provide detectable warning as per CBC/ADAAG requirements, 24" or 36" deep in line configuration recommended. |
| 1.9 | Curb ramp top landing | The top landing has a 2.7% running slope. | Provide a top landing with a maximum 2% slope in all directions as per CBC requirements. |
| 1.10 | Curb ramp top landing | The joint between the top of the ramp in the sidewalk creates a gap of approximately ½" deep and 1½" wide. (Note: gap is analogous to a grate opening.) | Remove and replace built up curb ramp with a parallel ramp. |

## Section 2: Site Accessibility

| Item Number | Location | Barrier | Recommendation |
|---|---|---|---|
| 2.1 | Path of travel from parking and public right of way (Sherman Way) to primary entrance | There is no compliant accessible route from Sherman Way to the primary entrance. The issues are described in detail in the sections below. | Provide an accessible route from the accessible parking and public right of way to the building entrance as per CBC/ADAAG requirements. |
| 2.2 | Path of travel from parking and public right of way (Sherman Way) to primary entrance | An approximately 15' long portion of walkway from the parking slopes up to 5.9%. | Provide handrails on both sides of the walkway sections greater than 5% or reduce the running slope to less than 5% as per CBC/ADAAG requirements. |
| 2.3 | Path of travel from parking and public right of way (Sherman Way) to primary entrance | A +/- 18' long portion from the Sherman Way sidewalk slopes continuously from 3.8% to 6.0%. The 6' portion north of this to the recessed walk-off mat slopes at 2.7%. | Provide handrails on both sides of the walkway sections greater than 5% to meet CBC/ADAAG requirements. |

## Section 3: Common Areas

| Item Number | Location | Barrier | Recommendation |
|---|---|---|---|
| 3.1 | Exit doors | None of the exit doors have tactile signage. | Install tactile (Braille and raised lettering) signs at all exits and exit routes within the building as per CBC requirements. |
| 3.2 | Main entrance - Sherman Way | There is no ISA sign provided at the exterior Sherman Way entrance. | Provide ISA signage at the entry door as per CBC requirement. |

| | | | |
|---|---|---|---|
| 3.3 | Main entrance – Sherman Way | The floor mat at the main entrance is not affixed to the floor. | Floor mats are not specifically addressed in the CBC or ADAAG; however they are located along an accessible route and need to meet the requirements for "ground surfaces." Both the ADA Checklist of Existing Facilities and DOJ Core letters on the DOJ website, list unsecured floor mats as a barrier that should be removed pursuant to the "readily achievable" standard. Secure the floor mat. |
| 3.4 | Main entrance – Sherman Way | The exterior door requires 15 pounds of force to open. The interior vestibule door requires 14 pounds of force to open. | Replace or adjust the closers to meet the max. 5 pounds of force or install automatic openers as per CBC/ADAAG requirements. |
| 3.5 | Banquet room exterior entrance/exit | There is no ISA sign provided at the exterior entrance. | Provide ISA signage at the entry door as per CBC requirement. |
| 3.6 | Banquet room exterior entrance/exit | The door landing has a 4% slope. | Renovate door landing to provide a max. 2% slope in all directions as per CBC/ADAAG requirements. |
| 3.7 | Banquet room exterior entrance/exit | The door landing extends less than 24" beyond the edge of the door. | Reverse the hand of door or renovate area to provide a min. 24" (exterior) wide strike side clearance as per CBC/ADAAG requirements. |
| 3.8 | Cashier counter | The senior discount information is mounted horizontally and is not visible to a person in a wheelchair. | Relocate or post an additional label at the accessible counter. |
| 3.9 | Banquet room | The door hardware is centered at 50½" AFF. | Relocate door hardware to CL 30"-44" AFF as per CBC/ADAAG requirements. |
| 3.10 | Banquet room | The door requires 15 pounds of force to open. | Adjust or replace the door closer to achieve 5 pounds maximum force or install an automatic door opener as per CBC requirements. |
| 3.11 | Banquet room | A device for holding the door open is attached to the face of the door bottom on the push side of the door. | Remove door stop to provide a min. 10" high smooth bottom surface as per CBC requirements. |

| Item Number | Location | Barrier | Recommendation |
|---|---|---|---|
| 3.12 | Banquet room | The secondary exit door landing is obstructed to 24" on the push side of the door by fixed seating. | Renovate door landing area to provide a min. 48" deep landing as per CBC/ADAAG requirements. |
| **Section 4: Public Restrooms** | | | |
| 4.1 | Women's Restroom (2 toilets, 1 lavatory) | The tactile (Braille and raised lettering) sign is not mounted on the latch side of the door. | Provide tactile signage (Braille and raised lettering) mounted on the latch side of the door as per the CBC/ADAAG requirements. |
| 4.2 | Women's Restroom (2 toilets, 1 lavatory) | The depth of the landing at the pull side of the door is 51" deep to the changing table and 56" deep to the wall. | Renovate door landing area to provide a min. 60" deep landing as per CBC/ADAAG requirements. |
| 4.3 | Women's Restroom – lavatory | The hot water supply line is not insulated. | Provide insulation to the lavatory supply and drain lines as per CBC/ADAAG requirements. |
| 4.4 | Women's Restroom – accessible toilet compartment | The self-closing device on the compartment door is broken. | Replace or adjust the closer as per CBC requirements. |
| 4.5 | Women's Restroom – accessible toilet compartment | The end-opening compartment door does not open at the clear floor space of the toilet (transfer space). | Renovate toilet compartment to provide a min. 32" wide door opening at the clear floor space of the toilet (transfer space) as per CBC/ADAAG requirements. |
| 4.6 | Women's Restroom – accessible toilet compartment | The far edge of the toilet tissue dispenser is mounted 14½" from the front of the toilet and 41" from the rear wall. | Relocate the toilet tissue dispenser far edge to a max. 36" from the rear wall as per CBC/ADAAG requirements. |
| 4.7 | Women's Restroom – accessible toilet compartment | The far edge of the side grab bar extends 52" from the rear wall. | Relocate the far edge of the side grab bar to a min. 54" from the rear wall as per CBC/ADAAG requirements. |

| 4.8 | Women's Restroom – accessible toilet compartment | The toilet seat height is 16" AFF. | Raise the toilet seat or replace the toilet to provide the 17"- 19" toilet seat height as per CBC/ADAAG requirements. |
|---|---|---|---|
| 4.9 | Women's Restroom – accessible toilet compartment | The rear grab bar is offset 7" from the side wall. | Relocate grab bar to 6" max. offset per ADAAG requirements. |
| 4.10 | Women's Restroom – accessible toilet compartment | The floor drain in the toilet compartment has a 3.5% cross slope. | Modify area to reduce cross slope to 2% maximum per CBC/ADAAG requirements. |
| 4.11 | Women's Restroom – accessories | The baby changing table handle is at 51" AFF. | Provide a loop handle at a max. 40" AFF as per CBC/ADAAG requirements. |
| 4.12 | Women's Restroom – accessories | The baby changing table when deployed is at 36" AFF. | Lower the baby changing table to provide a max. 34" table when deployed as per CBC/ADAAG requirements. |
| 4.13 | Men's Restroom (1 toilet, 2 lavatories, 2 urinals) | The tactile (Braille and raised lettering) sign is not mounted on the latch side of the door. | Provide tactile (Braille and raised lettering) signage mounted on the latch side of the door as per the CBC/ADAAG requirements. |
| 4.14 | Men's Restroom (1 toilet, 2 lavatories, 2 urinals) | The door landing extends 8½" beyond the edge of the door. | Reverse swing of door to provide a min. 18" (interior) wide strike side clearance as per CBC/ADAAG requirements. As an alternative, install an automatic door opener. |
| 4.15 | Men's Restroom (1 toilet, 2 lavatories, 2 urinals) | The path of travel to the accessible toilet compartment narrows to 42½" wide at the end of the partition support. | Relocate the toilet compartment partition to provide 44" min. width as per CBC requirements. |
| 4.16 | Men's Restroom – lavatory | The hot water supply line is not insulated. | Provide insulation to the lavatory supply and drain lines as per CBC/ADAAG requirements. |
| 4.17 | Men's Restroom – accessible toilet compartment | The end-opening compartment door does not open at the clear floor space of the toilet (transfer space). | Renovate toilet compartment to provide a min. 32" wide door opening at the clear floor space of the toilet (transfer space) as per the CBC/ADAAG requirements. |
| 4.18 | Men's Restroom – accessible toilet compartment | The far edge of the toilet tissue dispenser is mounted 15½" from the front of the toilet and 42" from the rear wall. | Relocate the toilet tissue dispenser far edge to a max. 36" from the rear wall as per CBC/ADAAG requirements. |

| 4.19 | Men's Restroom – accessible toilet compartment | The toilet is mounted 19½" to the centerline from the adjacent wall. | Relocate centerline of toilet to 18" min./max. as per CBC/ADAAG requirements. |
|---|---|---|---|
| 4.20 | Men's Restroom – accessible toilet compartment | The far edge of the side grab bar extends 53" from the rear wall. | Relocate the far edge of the side grab bar to a min. 54" from the rear wall as per CBC/ADAAG requirements. |
| 4.21 | Men's Restroom – accessible toilet compartment | The rear grab bar is offset 7" from the side wall. | Relocate grab bar 6" max. offset per ADAAG requirements. |
| 4.22 | Men's Restroom – urinal | The urinal is mounted 18" to the top of the rim. | Relocate the urinal to a max. 17" AFF at rim as per CBC/ADAAG requirements. |
| 4.23 | Men's Restroom – urinal | The flush valve is mounted 45" AFF. | Lower the urinal flush valve to provide a max. 44" AFF at the controls as per CBC/ADAAG requirements. |
| 4.24 | Men's Restroom – urinal | The floor drain in front of the urinal has a 4.8% cross slope. | Modify area to reduce cross slope to 2% maximum per CBC/ADAAG requirements. |
| 4.25 | Men's Restroom – accessories | The baby changing table handle is at 57" AFF. | Provide a loop handle at a max. 40" AFF as per CBC/ADAAG requirements. |